FILED

2011 JUN 22 PM 2:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARK ROY ANDERSON,<br><br>  Defendant. | CR No. 11-199(A)-PA<br><br>**F I R S T**<br>**S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1348: Securities Fraud; 18 U.S.C. § 1957: Money Laundering; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 2(b): Causing an Act To Be Done] |

The Grand Jury charges:

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATION

1.  At all times relevant to this Indictment defendant MARK ROY ANDERSON ("defendant ANDERSON") was a resident of Los Angeles County, within the Central District of California.

B.  THE SCHEME TO DEFRAUD

2.  Beginning in or around March 2006, and continuing

through in or around February 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victim-investors as to material matters, and to obtain money and property from victim-investors by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3. The fraudulent scheme operated, in substance, in the following manner:

    a. Defendant ANDERSON and others acting at his direction solicited money from victim-investors by making, or causing others to make, one or more of the following representations, even though defendant ANDERSON then well knew that the representations were false:

        i. victim-investors' funds would be invested in certain oil companies, including but not limited to National Healthcare Technology, Terax Energy, Westar Oil, China Oil, and Petrolects;

        ii. victim-investors' funds would be used in connection with certain oil ventures, including but not limited to oil rigs in Oklahoma and oil well leases in Osage, Oklahoma, and Kern County, California;

        iii. victim-investors' funds would be used in connection with certain real estate projects;

    iv. victim-investors would receive substantial returns on their investments; and

    v. victim-investors would receive unrestricted shares in certain oil companies, meaning that the victim-investors could sell the shares immediately.

  b. As part of the fraudulent scheme, defendant ANDERSON employed various fraudulent devices, including:

    i. creating false financial records to make it appear that his companies were successful ongoing businesses;

    ii. creating false bank statements to make it appear that he and his companies were worth millions of dollars; and

    iii. giving victim-investors checks that were dishonored because he stopped payment on the checks or because the respective accounts did not have sufficient funds.

  c. As part of the fraudulent scheme, defendant ANDERSON would conceal from, and fail to disclose to, victim-investors the following material facts, among others:

    i. defendant ANDERSON was not investing victim-investors' funds in the manner he had promised;

    ii. defendant ANDERSON was diverting, or causing others to divert, a significant portion of the invested funds for defendant ANDERSON's own personal use and benefit;

    iii. victim-investors were not receiving returns on their investments;

    iv. victim-investors' shares in certain oil

companies were restricted, meaning that the victim-investors could not sell them immediately;

    v.    defendant ANDERSON had previously been convicted of two felony counts of mail fraud, in violation of Title 18, United States Code, Section 1341, for knowingly participating in a scheme to obtain money and property by means of false promises (<u>United States v. Mark Roy Anderson</u>, CR No. 91-193-AWT);

    vi.    defendant ANDERSON had been disbarred from the practice of law by the State of Nevada;

    vii.    the United States District Court for the Northern District of Texas had issued "Agreed Preliminary Injunctions" against defendant ANDERSON and Westar Oil in <u>Securities and Exchange Commission v. Terax Energy, Inc., Westar Oil, Inc., Mark Roy Anderson, and Linda Contreras</u>, Civil Action No. 3:07-CV-01554-M, preliminarily enjoining defendant ANDERSON, Westar Oil, and others from violating federal securities laws;

    viii.  defendant ANDERSON had executed "Consents" on behalf of himself and Westar Oil agreeing to resolve the claims filed against him and Westar Oil in <u>Securities and Exchange Commission v. Terax Energy, Inc., Westar Oil, Inc., Mark Roy Anderson, and Linda Contreras</u>, Civil Action No. 3:07-CV-01554-M;

    ix.    the United States District Court for the Northern District of Texas had issued an "Agreed Final Judgment" against defendant ANDERSON in <u>Securities and Exchange Commission</u>

v. Terax Energy, Inc., Westar Oil, Inc., Mark Roy Anderson, and Linda Contreras, Civil Action No. 3:07-CV-01554-M, permanently restraining and enjoining defendant ANDERSON and others from violating federal securities laws and ordering defendant ANDERSON to pay a civil penalty of $130,000 and disgorgement and prejudgment interest of $59,056; and

        x.    the United States District Court for the Northern District of Texas had issued an "Agreed Final Judgment" against Westar Oil, Inc. in Securities and Exchange Commission v. Terax Energy, Inc., Westar Oil, Inc., Mark Roy Anderson, and Linda Contreras, Civil Action No. 3:07-CV-01554-M, permanently restraining and enjoining Westar Oil and others from violating federal securities laws and ordering Westar Oil to pay a civil penalty of $200,000 and disgorgement and prejudgment interest of $2,627,910.

        d.    After victim-investors invested with defendant ANDERSON, defendant ANDERSON made further misrepresentations and engaged in further fraudulent conduct designed to perpetuate and conceal his fraudulent scheme, including:

        i.    fabricating excuses as to why the victim-investors had not yet profited from their investments;

        ii.    soliciting additional money from victim-investors and promising to invest those funds in investments that would offer greater returns more quickly than the initial investment; and

        iii. offering to "roll over" victim-investors'

initial investments into other investments that would purportedly offer greater returns more quickly than their initial investments.

4. Through the above-described scheme to defraud, defendant ANDERSON obtained over $9.5 million from at least ten victim-investors.

C. <u>ITEMS WIRED</u>

5. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, together with others known and unknown to the Grand Jury, for the purpose of executing, and attempting to execute, the above-described scheme to defraud, transmitted, and caused the transmission of the following items by means of wire and radio communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | April 25, 2007 | $400,000 wired from the Bank of Maple Plains account number XX9334 in Minnesota to Wells Fargo Bank account XXXXXX9495 in California |
| TWO | July 28, 2008 | $2,000,000 wired from JPMorgan Chase Bank account number XXXXXX4313 in New York to Bank of America account XXXXXX0856 in California |
| THREE | September 3, 2008 | $1,900,000 wired from Smith Barney account number XXXX3810 in New York to Wells Fargo Bank account number XXXXXX1075 in California |
| FOUR | February 17, 2011 | Defendant ANDERSON, who then resided in California, sent an email via the America Online server in Virginia, to G.S., who accessed the email from outside Virginia |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| FIVE | March 25, 2011 | Defendant ANDERSON, who then resided in California, sent an email via the America Online server in Virginia, to N.Z., who accessed the email from outside Virginia |
| SIX | April 7, 2011 | Defendant ANDERSON, who then resided in California, sent an email via the America Online server in Virginia, to C.L., who accessed the email from outside Virginia |

COUNTS SEVEN THROUGH NINE

[18 U.S.C. § 1348]

6.  The Grand Jury repeats, re-alleges, and incorporates paragraph one of this Indictment as though fully set forth herein in their entirety.

7.  Beginning in or after late 2006, and ending in or around May 2007, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, together with others known and unknown to the Grand Jury, knowingly executed and attempted to execute a scheme and artifice to defraud victim-investors, and to obtain money and property from victim-investors by means of false and fraudulent pretenses, representations, and promises and the concealment of material facts, all in connection with the purchase and sale of securities of National Healthcare Technology, Inc. ("NHCT"), an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934.

8.  The fraudulent scheme operated, in substance, in the following manner:

    a.  Defendant ANDERSON solicited money from victim-investors by making, and causing others to make, one or more of the following representations, even though defendant ANDERSON then well knew that the representations were false:

        i.   victim-investors' funds would be invested in NHCT;

        ii.  victim-investors' funds would be used in

connection with certain oil ventures related to NHCT;

        iii. victim-investors would receive substantial returns on their investments; and

        iv. victim-investors would receive unrestricted shares in NHCT, meaning that they could sell the shares immediately.

    b. As part of the scheme, defendant ANDERSON would conceal from, and fail to disclose to, victim-investors the following material facts, among others:

        i. defendant ANDERSON was not investing victim-investors' funds in the manner he had promised;

        ii. defendant ANDERSON was diverting, or causing others to divert, a significant portion of the invested funds for defendant ANDERSON's own personal use and benefit;

        iii. other victim-investors were not receiving returns on investments in NHCT;

        iv. victim-investors' shares in NHCT were restricted, meaning that they could not sell them immediately;

        v. defendant ANDERSON had previously been convicted of two felony counts of mail fraud, in violation of Title 18, United States Code, Section 1341, for knowingly participating in a scheme to obtain money and property by means of false promises (<u>United States v. Mark Roy Anderson</u>, CR No. 91-193-AWT); and

        vi. defendant ANDERSON had been disbarred from the practice of law by the State of Nevada.

c.  After victim-investors invested with defendant ANDERSON, defendant ANDERSON made further misrepresentations and engaged in further fraudulent conduct designed to conceal and perpetuate his fraudulent scheme, including:

   i.  fabricating excuses as to why victim-investors had not yet profited from their investments; and

   ii.  soliciting additional money from victim-investors and promising to invest those funds in investments that would offer greater returns more quickly than the initial investment.

9.  In connection with the fraudulent scheme, beginning in or after late 2006, and ending in or around September 2007, defendant ANDERSON sought to defraud H.V. in connection with the securities of NHCT, and sought to obtain money and property from H.V. by means of material false and fraudulent pretenses, representations, and promises in connection with the purchase and sale of securities of NHCT, on or about the following dates:

| COUNT | DATE | TRANSACTION |
| --- | --- | --- |
| SEVEN | April 4, 2007 | H.V.'s payment of $25,000 for shares of NHCT |
| EIGHT | April 6, 2007 | H.V.'s payment of $125,000 for shares of NHCT |
| NINE | May 2007 | Delivery of stock certificates of NHCT to H.V. |

## COUNTS TEN THROUGH FIFTEEN

[18 U.S.C. §§ 1957, 2(b)]

10. The Grand Jury repeats, re-alleges, and incorporates paragraphs one through eight of this Indictment as though fully set forth herein in their entirety.

11. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, together with others known and unknown to the Grand Jury, knowing that the funds involved represented the proceeds of some form of unlawful activity, conducted and willfully caused others to conduct, the following monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, section 1343, and securities fraud, in violation of Title 18, United States Code, section 1348:

| COUNT | DATE | MONETARY TRANSACTION |
| --- | --- | --- |
| TEN | February 23, 2007 | Deposit of a cashier's check in the amount of $350,000 made payable to "Rooster 617 Bedford L.L.C." into Bank of America account number XXXXXX8000 |
| ELEVEN | April 10, 2007 | Deposit of check #1691 in the amount of $50,000 into Wells Fargo Bank account number XXXXXX4689 |
| TWELVE | May 8, 2007 | Deposit of check #1732 in the amount of $70,000 into Wells Fargo Bank account number XXXXXX4689 |

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| THIRTEEN | July 31, 2008 | Wire transfer of $1,900,000 from Bank of America account number XXXXXX0856 to Wells Fargo Bank account number XXXXX1075 |
| FOURTEEN | August 1, 2008 | Wire transfer of $1,975,000 from Wells Fargo Bank account number XXXXX1075 to Chase Bank of Texas account number XXXXXX0609 |
| FIFTEEN | October 23, 2009 | Purchase of a cashier's check in the amount of $30,000 made payable to CB Richard Ellis |

## COUNT SIXTEEN

[18 U.S.C. § 1028A]

12. The Grand Jury repeats, re-alleges, and incorporates paragraphs one through five of this Indictment as though fully set forth herein in their entirety.

13. On or about July 27, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name of E.V.K., during and in relation to wire fraud, a felony violation of Title 18, United States Code, Section 1343.

## COUNT SEVENTEEN

[18 U.S.C. § 1028A]

14. The Grand Jury repeats, re-alleges, and incorporates paragraphs one through five of this Indictment as though fully set forth herein in their entirety.

15. On or about July 25, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDERSON, together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person,

///
///

1 | that is, the name of M.B., during and in relation to wire fraud,
2 | a felony violation of Title 18, United States Code, Section 1343.

A TRUE BILL

/S/
———————————————
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*R. D Mgowa* (signature)

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

JILL T. FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

STEPHEN I. GOORVITCH
Assistant United States Attorney
Major Frauds Section