1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEPHEN I. GOORVITCH (California Bar #199325)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2476
7       Facsimile: (213) 894-6269
        E-mail:   Stephen.Goorvitch@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11
                   UNITED STATES DISTRICT COURT
12
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

14  UNITED STATES OF AMERICA,      )  CR No. 11-199-PA
                                   )
15              Plaintiff,         )  PLEA AGREEMENT FOR DEFENDANT
                                   )  MARK ROY ANDERSON
16              v.                 )
                                   )
17  MARK ROY ANDERSON,             )
                                   )
18              Defendant.         )
                                   )
19  _____)

20       1.   This constitutes the plea agreement between MARK ROY

21  ANDERSON ("defendant") and the United States Attorney's Office

22  for the Central District of California ("the USAO") in the above-

23  captioned case.  This agreement is limited to the USAO and cannot

24  bind any other federal, state, local, or foreign prosecuting,

25  enforcement, administrative, or regulatory authorities.

26                    DEFENDANT'S OBLIGATIONS

27       2.   Defendant agrees to:

28            a)   At the earliest opportunity requested by the USAO

and provided by the Court, appear and plead guilty to counts one
and twelve of the First Superseding Indictment in the above-
captioned case.

       b)    Not contest facts agreed to in this agreement.

       c)    Abide by all agreements regarding sentencing
factors contained in this agreement.

       d)    Appear for all court appearances, surrender as
ordered for service of sentence, obey all conditions of any bond,
and obey any other ongoing court order in this matter.

       e)    Not commit any crime; however, offenses that would
be excluded for sentencing purposes under United States
Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
§ 4A1.2(c) are not within the scope of this agreement.

       f)    Be truthful at all times with Pretrial Services,
the United States Probation Office, and the Court.

       g)    Pay the applicable special assessments at or
before the time of sentencing unless defendant lacks the ability
to pay and submits a completed financial statement (form OBD-500)
to the USAO prior to sentencing.

       h)    Not seek the discharge of any restitution
obligation, in whole or in part, in any present or future
bankruptcy proceeding.

       i)    Not to appeal, except as permitted by Paragraphs
19 and 20 of this plea agreement.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

       a)    Not contest facts agreed to in this agreement.

2

b)   Abide by all agreements regarding sentencing factors contained in this agreement.

c)   At the time of sentencing, move to dismiss the remaining counts of the First Superseding Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

d)   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e)   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range or 84 months imprisonment, whichever is greater.  For example, if the Court determines that the total offense level is 29 and criminal history category is II, the government will recommend 97 months imprisonment.  However, if the Court determines that the total offense level is 27 and criminal history category is II, the government will recommend 84 months imprisonment.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the

3

1  Sentencing Table in U.S.S.G. Chapter 5, Part A.

2          f)   Not seek bail forfeiture pursuant to Federal Rule

3  of Criminal Procedure 46(f) based on defendant's violation of the

4  conditions of the bond and to stipulate that the interests of

5  justice do not require bail forfeiture, per Federal Rule of

6  Criminal Procedure 46(f)(2)(B).

7          g)   Except for criminal tax violations (including

8  conspiracy to commit such violations chargeable under 18 U.S.C.

9  § 371), not further criminally prosecute defendant for violations

10  arising out of defendant's conduct described in the agreed-to

11  factual basis set forth in Paragraph 13, including violations of

12  18 U.S.C. § 1028A.  Defendant understands that the USAO is free

13  to criminally prosecute him for any other unlawful past conduct

14  or any unlawful conduct that occurs after the date of this

15  agreement.  Defendant agrees that at the time of sentencing the

16  Court may consider the uncharged conduct in determining the

17  applicable Sentencing Guidelines range, the propriety and extent

18  of any departure from that range, and the sentence to be imposed

19  after consideration of the Sentencing Guidelines and all other

20  relevant factors under 18 U.S.C. § 3553(a).

21                          NATURE OF THE OFFENSES

22     4.   Defendant understands that for defendant to be guilty

23  of the crime charged in count one (wire fraud, in violation of

24  Title 18, United States Code, Section 1343), the following must

25  be true: (1) defendant knowingly participated in a scheme or plan

26  to defraud, or a scheme or plan for obtaining money or property

27  by means of false or fraudulent pretenses, representations, or

28  promises; (2) the statements made or facts omitted as part of the

4

scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud; that is, the intent to deceive or cheat; (4) defendant used, or caused to be used, interstate wires to carry out or to attempt to carry out an essential part of the scheme.  Defendant admits that he is, in fact, guilty of this offense as described in count one of the First Superseding Indictment.

5.   Defendant understands that for defendant to be guilty of the crime charged in count twelve (money laundering, in violation of Title 18, United States Code, Section 1957), the following must be true: (1) defendant knowingly engaged or attempted to engage in a monetary transaction in or affecting interstate commerce; (2) defendant knew the transaction involved criminally derived property; (3) the property had a value of greater than $10,000; (4) the property was, in fact, derived from wire fraud in violation of Title 18, United States Code, Section 1343; and (5) the transaction occurred in the United States. Defendant admits that he is, in fact, guilty of this offense as described in count twelve of the First Superseding Indictment.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: twenty years imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1957, is: ten years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the amount of criminally derived property involved in the transaction, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: thirty years imprisonment; a five-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss (including the amount of criminally derived property involved in the transaction), whichever is greatest, and a mandatory special assessment of $200.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to

1   serve on a jury.  Defendant understands that once the court
2   accepts defendant's guilty plea, it will be a federal felony for
3   defendant to possess a firearm or ammunition.  Defendant
4   understands that the conviction in this case may also subject
5   defendant to various other collateral consequences, including but
6   not limited to revocation of probation, parole, or supervised
7   release in another case and suspension or revocation of a
8   professional license.  Defendant understands that unanticipated
9   collateral consequences will not serve as grounds to withdraw
10  defendant's guilty plea.

11        11.   Defendant understands that, if defendant is not a
12  United States citizen, the felony conviction in this case may
13  subject defendant to removal, also known as deportation, which
14  may, under some circumstances, be mandatory.  The court cannot,
15  and defendant's attorney also may not be able to, advise
16  defendant fully regarding the immigration consequences of the
17  felony conviction in this case.  Defendant understands that by
18  entering a guilty plea defendant waives any claim that unexpected
19  immigration consequences may render defendant's guilty plea
20  invalid.

21        12.   Defendant understands that defendant will be required
22  to pay full restitution to the victims of the offenses.
23  Defendant agrees that, in return for the USAO's compliance with
24  its obligations under this agreement, the amount of restitution
25  is not restricted to the amounts alleged in the counts to which
26  defendant is pleading guilty and may include losses arising from
27  charges not prosecuted pursuant to this agreement as well as all
28  relevant conduct in connection with those charges.  The parties

currently believe that the applicable amount of restitution may
be as high as $9.75 million, but recognize and agree that this
amount could change based on facts that come to the attention of
the parties prior to sentencing.  The parties also acknowledge
that certain victims in this case were compensated for their
losses through the approximately $3 million settlement in
Securities and Exchange Commission v. Terax Energy, Inc., Case
No. 07-CIV-1554-M (N.D. Tex. 2007).

## FACTUAL BASIS

13.  Defendant and the USAO agree to the statement of facts
provided below.  Defendant and the USAO agree that this statement
of facts is sufficient to support pleas of guilty to the charges
described in this agreement and to establish the Sentencing
Guidelines factors set forth in paragraph 15 below but is not
meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party
that relate to that conduct.

Defendant, who lived and worked in Los Angeles, made a
series of misrepresentations in order to induce victims residing
in Los Angeles and Orange Counties to part with their money.
Specifically, defendant misrepresented that he would invest
victims' money in certain oil companies or that victims' funds
would be used in connection with certain oil ventures or
development projects, such as oil rigs in Oklahoma and oil well
leases in Osage, Oklahoma and Kern County, California, among
others.  Defendant misrepresented that victims would receive
substantial returns.

1   Defendant's misrepresentations were material because they
2   induced victims, including P.L., to give defendant funds.
3   Specifically, for example, on or about April 25, 2007, P.L.
4   wired money from his Bank of Maple Plains account in Minnesota to
5   a Wells Fargo Bank account in California controlled by defendant.
6   P.L. wired those funds based upon defendant's promise to use the
7   funds for oil ventures or development projects.
8       Defendant did not use these funds as promised.  For example,
9   defendant used over $10,000 of P.L.'s funds to purchase an
10  interest in a restaurant, Prego, and gave some of the money to
11  his wife.  Specifically, on or about May 8, 2007, defendant wrote
12  a check to his wife in the amount of $70,000, which she deposited
13  into her Wells Fargo Bank account.  Defendant's wife then used
14  that money for living expenses, personal items, and things
15  related to Prego.  Wells Fargo has branches throughout the United
16  States, based on which the deposit was in or affected interstate
17  commerce.
18      Defendant knew that these funds were the proceeds of his
19  fraudulent scheme, and that, as a result of defendant's
20  misrepresentations, P.L. had wired these funds from outside
21  California to defendant's account in California.  Nevertheless,
22  defendant used over $10,000 to purchase an interest in Prego and
23  gave $70,000 to his wife to spend on personal expenses.  P.L. has
24  not received substantial - or any - legitimate return on the
25  funds he wired to defendant.
26      Defendant wired approximately $3 million to his lawyers in
27  Texas to satisfy a judgment in Securities and Exchange Commission
28  v. Terax Energy, Inc., Case No. 07-CIV-1554-M (N.D. Tex. 2007).

9

1  Those funds were used to compensate certain victims in the above-
2  entitled action.

3  SENTENCING FACTORS

4      14.   Defendant understands that in determining defendant's
5  sentence the Court is required to consider the factors set forth
6  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
7  and sentencing range established under the Sentencing Guidelines.
8  Defendant understands that the Sentencing Guidelines are advisory
9  only, that defendant cannot have any expectation of receiving a
10 sentence within the Sentencing Guidelines range, and that after
11 considering the Sentencing Guidelines and the other § 3553(a)
12 factors, the Court will be free to exercise its discretion to
13 impose any sentence it finds appropriate up to the maximum set by
14 statute for the crimes of conviction.

15     15.   Defendant and the USAO agree to the following
16 applicable Sentencing Guidelines factors:

17     Count One

18     Base Offense Level  :    7       [U.S.S.G. § 2B1.1(a)(1)]

19     Count Twelve

20     Base Offense Level  :    7 or    [U.S.S.G. § 2S1.1(a)(1)]
21                              higher

22     Money Laundering
       Enhancement         :    +1      [U.S.S.G. § 2S1.1(b)(2)(A)]

23 Defendant and the USAO reserve the right to argue that additional
24 specific offense characteristics, adjustments, and departures
25 under the Sentencing Guidelines are appropriate, including but
26 not limited to: (1) the loss enhancement under U.S.S.G.
27 § 2B1.1(b)(1), though the government agrees that the total losses
28 are under $20 million; and (2) the victim enhancement under

10

U.S.S.G. § 2B1.1(b)(2), though the government agrees that there are less than 50 victims, and (3) the enhancement for violation of a prior court order under U.S.S.G. § 2B1.1(b)(8).  Defendant and the USAO also reserve the right to argue the base offense level for count twelve, per U.S.S.G. § 2S1.1(a).  However, the government agrees not to seek the following enhancements: (1) sophisticated means under U.S.S.G. § 2B1.1(b)(9), (2) vulnerable victims under U.S.S.G. § 3A1.1, (3) aggravating role under U.S.S.G. § 3B1.1, and (4) abuse of trust and special skill under U.S.S.G. § 3B1.3.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

### WAIVER OF CONSTITUTIONAL RIGHTS

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

       a)    The right to persist in a plea of not guilty.

       b)    The right to a speedy and public trial by jury.

       c)    The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial.  Defendant understands, however, that, despite defendant's guilty pleas, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g)   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 121 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the

12

amount and terms of any restitution order, provided it requires
payment of no more than $10 million; (e) the term of probation or
supervised release imposed by the Court, provided it is within
the statutory maximum; and (f) any of the following conditions of
probation or supervised release imposed by the Court: the
standard conditions set forth in General Orders 318, 01-05,
and/or 05-02 of this Court; the drug testing conditions mandated
by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug
use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above
and (b) the Court imposes a term of imprisonment of no less than
84 months, the USAO gives up its right to appeal any portion of
the sentence, with the exception that the USAO reserves the right
to appeal the amount of restitution ordered if that amount is
less than $10 million.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.   Defendant agrees that if, after entering guilty pleas
pursuant to this agreement, defendant seeks to withdraw and
succeeds in withdrawing defendant's guilty pleas on any basis
other than a claim and finding that entry into this plea
agreement was involuntary, then (a) the USAO will be relieved of
all of its obligations under this agreement; and (b) should the
USAO choose to pursue any charge that was either dismissed or not
filed as a result of this agreement, then (i) any applicable
statute of limitations will be tolled between the date of
defendant's signing of this agreement and the filing commencing
any such action; and (ii) defendant waives and gives up all

13

defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

14

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

26.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the

Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered

16

1    into unless in a writing signed by all parties or on the record

2    in court.

3              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4         30.   The parties agree that this agreement will be

5    considered part of the record of defendant's guilty plea hearing

6    as if the entire agreement had been read into the record of the

7    proceeding.

8    AGREED AND ACCEPTED

9    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
     ANDRÉ BIROTTE JR.
11   United States Attorney

12
13   _____          July 7, 2011
     STEPHEN I. GOORVITCH                  _____
14   Assistant United States Attorney      Date

15
16   _____          7-7-2011
     MARK ROY ANDERSON                     _____
17   Defendant                            Date

18
19   _____          7-7-2011
     RAUL AYALA                            _____
20   Deputy Federal Public Defender        Date

21   Attorney for Defendant
     Mark Roy Anderson
22

23

24

25

26

27

28

                              17

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          7-7-2011
MARK ROY ANDERSON                         Date
Defendant

18

1    <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2         I am MARK ROY ANDERSON's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of

5    possible pretrial motions that might be filed, of possible

6    defenses that might be asserted either prior to or at trial, of

7    the sentencing factors set forth in 18 U.S.C. § 3553(a), of

8    relevant Sentencing Guidelines provisions, and of the

9    consequences of entering into this agreement.  To my knowledge:

10   no promises, inducements, or representations of any kind have

11   been made to my client other than those contained in this

12   agreement; no one has threatened or forced my client in any way

13   to enter into this agreement; my client's decision to enter into

14   this agreement is an informed and voluntary one; and the factual

15   basis set forth in this agreement is sufficient to support my

16   client's entry of guilty pleas pursuant to this agreement.

17

18   _____        7-7-2011
                                         _____
     RAUL AYALA                         Date
19   Deputy Federal Public Defender

20   Attorney for Defendant
     Mark Roy Anderson
21

22

23

24

25

26

27

28

                              19